NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-0055-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| | ) | |
| YASIDE MOTLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## I.    Introduction

### A.    *Summary*

This brief introduction sets forth a summary of the terms of the plea

agreement between YASIDE MOTLEY and the United States.  This summary is
not intended to supersede the language that follows this subsection.

The defendant agrees to plead guilty to the following charge set forth in the
Indictment in this case:

> **Count 2:**    Attempted Possession of a Controlled Substance with
> Intent to Distribute, in violation of 21 U.S.C.
> §§ 841(a)(1) and 841(b)(1)(B).

The United States agrees to move to dismiss at sentencing the following
charges set forth in the Indictment:

> **Count 1:**    Drug Conspiracy, in violation of 21 U.S.C. §§ 846,
> 841(a)(1), 841(b)(1)(A) and (b)(1)(B).

> **Count 3:**    Possession of a Controlled Substance with Intent to
> Distribute in violation of  21 U.S.C. §§ 841(a)(1) and
> 841(b)(1)(A) and 18 U.S.C. § 2.

> **Count 4:**    Using and Possessing a Firearm During and In Relation
> to and In Furtherance of a Federal Drug Trafficking
> Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

> **Count 5:**    Criminal Forfeiture, in violation of 18 U.S.C. §
> 924(d)(1).

The United States further agrees to recommend an adjustment for acceptance of responsibility if the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting his criminal conduct and he meets the criteria set out in U.S.S.G. § 3E1.1. United States also agrees not to prosecute the defendant further for any offense – now known – arising out of the subject of these investigations.

The government will file an information stating the previous convictions to be relied upon pursuant to 21 U.S.C. § 851 and the defendant agrees not to contest the validity of the prior drug conviction.

### B.   *Complete Agreement.*

This document contains the complete plea agreement between the United States and YASIDE MOTLEY.   No other agreement, understanding, promise, or condition exists between these two parties.  The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state or local prosecuting authorities.

### C.   *Federal Rules of Criminal Procedure.*

The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rules of Criminal Procedure 11(c)(1)(B).  This means that YASIDE MOTLEY may not withdraw from this agreement if the court

deviates from the sentencing recommendations made by the United States or by defense counsel. Neither the defendant nor the court is bound by the government's sentencing estimates.

### D.   *United States Sentencing Guidelines.*

Because this case arises out of conduct occurring after November 1, 1987, YASIDE MOTLEY's sentence will be considered by application of the United States Sentencing Commission Guidelines (U.S.S.G.).

In the wake of U.S. v. Booker, 125 S.Ct. 738 (2005), the Court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the sentence to be imposed.

### E.   *Attorney's Fees and Costs.*

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

## II.   **What the Defendant Agrees to Do**

YASIDE MOTLEY agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the

defendant on any charges arising out of the investigation in this matter. Whether

the defendant has violated the terms of this agreement will be determined by the

court at an appropriate hearing during which any of the defendant's disclosures

will be admissible and the government's burden is by a preponderance of the

evidence.

## A.    *Charges*

YASIDE MOTLEY agrees to plead guilty to Count 2 of the Indictment.

YASIDE MOTLEY is charged with the following offenses in the Indictment

in this case:

> **Count 1:**    Drug Conspiracy, in violation of 21 U.S.C. §§ 846,
>
> 841(a)(1), 841(b)(1)(A) and (b)(1)(B).
>
> **Count 2:**    Attempted Possession of a Controlled Substance with
>
> Intent to Distribute, in violation of 21 U.S.C.
>
> §§ 841(a)(1) and 841(b)(1)(B).
>
> **Count 3:**    Possession of a Controlled Substance with Intent to
>
> Distribute in violation of 21 U.S.C. §§ 841(a)(1) and
>
> 841(b)(1)(A) and 18 U.S.C. § 2.

**Count 4:**   Using and Possessing a Firearm During and In Relation to and In Furtherance of a Federal Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

**Count 5:**   Criminal Forfeiture, in violation of 18 U.S.C. § 924(d)(1).

## B.   *Limits on departures*

Unless specifically set forth in this plea agreement, the defendant agrees he will not seek any downward departures under the U.S.S.G. or any other authority. This section does not prohibit the defendant from arguing for the application of any downward guideline *adjustments* to the court's sentence calculation.

## C.   *Fine.*

The parties have no agreement regarding any fine amount.

## D.   *Waivers of appellate and collateral attack rights*

The defendant understands that by pleading guilty he waives his right to appeal his conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence no greater than the maximum statutory penalties available for the offense of conviction, including any forfeiture under this plea agreement, he will knowingly and voluntarily waive his

right, contained in 18 U.S.C. § 3742, to appeal the sentence  – including any

forfeiture or conditions of supervised release imposed.   Furthermore, the

defendant also knowingly and voluntarily agrees to waive his right to collaterally

attack his conviction and/or sentence – including any forfeiture, whether civil or

criminal, administrative or judicial or conditions of supervised release imposed.

The only exceptions to this collateral attack waiver are as follows: 1) any

challenge to his conviction or sentence alleging ineffective assistance of counsel --

based on Indictment not now known to the defendant and which, in the exercise of

reasonable diligence, could not be known by the time the court imposes sentence;

and 2) a challenge to the voluntariness of his guilty plea.  The defendant agrees

that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if

his sentence is vacated, reversed, set aside, or modified, at any time, in any

proceeding, for any reason, the United States will be free to prosecute the

defendant on all charges arising out of the investigation of this case for which

there is probable cause.

### E.    *Consequences of plea*

The defendant agrees to pay the special assessments owed in this case.  The

defendant understands that, pursuant to 21 U.S.C. § 862, any person convicted of a

federal felony offense may lose or be denied federal benefits including any grants,

loans, licenses, food stamps, and welfare. Additionally, the defendant agrees to complete the Financial Statement of Debtor declaring all income, assets, and expenses, and include a copy of the defendant's last Federal Income Tax form filed. Any false statements contained in the financial statement will subject the defendant to a separate prosecution for making False Statements to the United States pursuant to 18 U.S.C. § 1001.

### F.  *Waiver of Right to Jury Trial on Sentencing Factors*

The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the charging document, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly consents to be sentenced pursuant to the applicable Sentencing Guidelines and to have the sentence based on facts to be found by the sentencing judge by a preponderance of the evidence. The defendant explicitly acknowledges that his plea to the charged offense authorizes the court to impose any sentence, up to and including the statutory maximum sentence, that is authorized by the Sentencing Guidelines.

## III.  **What the Government Agrees to Do**

### A.  *Charges*

In exchange for YASIDE MOTLEY's plea of guilty to Count 2, the United

States agrees to move to dismiss at sentencing Counts 1, 3, 4, and 5. The United States further agrees not to prosecute the defendant further for any offense – now known – arising out of the subject of these investigations.

Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated.

## B.    *Acceptance of Responsibility*

If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting his criminal conduct and he meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation.

The United States agrees not to seek any upward sentencing departures under the U.S.S.G. or any other authority. This section does not prohibit the United States from arguing for the application of any upward guideline *adjustments* to the court's sentence calculation.

## IV.  Advisement of Maximum Penalties and Conditions of Sentence

A.    The maximum statutory penalties for the charge to which YASIDE MOTLEY is pleading guilty are as follows:

> **Count 2:**    Attempted Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B): 1) a maximum of forty (40) years, with a minimum of five (5) years, in prison; 2) a $2,000,000 fine; 3) a $100 mandatory special assessment; and 4) a maximum of five (5) years of supervised release.

*Upon the filing of an information by the government pursuant to 18 U.S.C. § 851, the maximum statutory penalties for the charge to which Yaside Motley is pleading guilty are as follows: 1) a maximum of life and a minimum of ten (10) years in prison; 2) a $4,000,000 fine; 3) a $100 mandatory special assessment; and 4) a minimum of 8 years of supervised release.*

B.      Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

C.      Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

D.      Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

E.      The court may order that the defendant pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

F.      All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

## V.     <u>Guideline Applications and Sentencing Issues</u> (the following estimates bind neither party nor the court)

### <u>*Count 2: Attempted Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)*</u>

Base Offense Level (USSG § 2D1.1(c)(6)) . . . . . . . . . . . . . . . . . . . 28

Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3

Estimated Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Estimated Criminal History Category . . . . . . . . . . . . . . . . . . . . . . II

Estimated Sentencing Range . . . . . . . . . . . . . . . . . . . . . . 63-78 mos.*

*Upon the filing of an information by the government pursuant to 18 U.S.C. § 851, the statutory mandatory minimum sentence is 120 months in prison.*

### A.    *Other Adjustments to Base Offense Level Regarding Count 2.*

There may be applicable adjustments to the base offense levels under the United States Sentencing Commission Guidelines that may make the final offense level higher than or lower than the offense level estimated by the United States.

### B.    *Criminal History Category*

The parties have no agreement on the defendant's criminal history category. The government **estimates** that it will be **Category II**. The defendant understands that the court may find the defendant's criminal history to be higher than the United States has estimated. The defendant may argue about the appropriate criminal history calculation or classification, but may not make a downward departure motion on this basis. The United States is free to oppose any such argument or motion.

**C.    *No Upward or Downward Departures***

The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing *departures* unless specifically set forth in this plea agreement.  No such upward or downward sentencing departures are specifically set forth in this plea agreement.  This section does not place any limits upon any guideline *adjustments*.

**D.    *Ultimate Sentence Left to Discretion of Court***

The defendant fully understands that the court has total discretion to determine the ultimate sentence and that the defendant will not be permitted to withdraw his plea or appeal his sentence if the court deviates from the sentencing estimates or recommendations made by either the United States or defense counsel.

**VI.    Elements of the Offense**

**Count 2 *Attempted Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)*:**

In order to sustain a conviction for Attempted Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), as charged in this case, the United States would have to prove beyond a reasonable doubt the following elements:

**First:** the defendant intended to possess cocaine, a controlled

substance, with the intent to deliver it to another person;

**Second:** the amount of cocaine weighed 500 grams or more.

## VII.   <u>Factual Basis for the Plea</u>

The parties stipulate and agree to the truth of the following factual

statement:

On May 30, 2006, an employee of United Parcel Service (UPS) intercepted

a suspicious package destined for Alaska in Las Vegas, Nevada, and opened the

package pursuant to UPS policy.  After opening the package, the employee

contacted local law enforcement.  Agents from the Southern Nevada Interdiction

Task Force conducted a field test of the contents of the package, which indicated

that the package contained cocaine.  The agents in Las Vegas, Nevada, shipped the

package containing approximately 3 kilograms of cocaine to law enforcement

agents in Anchorage, Alaska, who removed the cocaine and, subsequent to the

issuance of a court order, inserted an electronic monitoring device into the

package for a controlled delivery to its predetermined destination – 3902 Harding

Drive, Unit A.

On June 1, 2006, an agent with the Alaska Interdiction Task Force and

Counter Drug Support Program, working in an undercover capacity, delivered the

package to the residence at Harding Drive where BARTHOLOMEW accepted and signed for the package. BARTHOLOMEW and another individual then drove from the residence at Harding Drive to a residence at 1627 W. 32nd Avenue. Meanwhile, agents observed MOTLEY, carrying a plastic grocery bag, alone and in a separate vehicle, drive from the residence at Harding Drive to the residence at 1627, W. 32nd Avenue and meet with BARTHOLOMEW. Agents observed the other individual originally with BARTHOLOMEW drive away. BARTHOLOMEW, with the package, and MOTLEY, with the plastic grocery bag, together entered the residence located at 1627, W. 32nd Avenue, apartment number 602.

Shortly thereafter, the UPS package was opened inside the residence. Agents then entered the residence and found BARTHOLOMEW and MOTLEY inside with the package opened, its contents dumped into a pot on the stove. BARTHOLOMEW and MOTLEY were the only occupants of the residence and both had theft detection powder on their hands, which had been placed on the package at the same time the electronic monitoring device was inserted.

## VIII.  Adequacy of the Agreement

Pursuant to Local Criminal Rule 11.2 (D)(8), this plea agreement is appropriate in that it applies the same sentencing guideline provisions that would

otherwise be applicable to the defendant's sentence if he had gone to trial and had

been convicted on Count 2 of the charging instrument. The sentence to be

imposed under the terms of this plea agreement will serve to adequately protect the

public and reaffirm societal norms, provide for deterrence to the defendant and

others, and provide an opportunity for the defendant to rehabilitate himself.

## IX.    Defendant's Agreement and Understanding of the Terms of this Plea Agreement

I, YASIDE MOTLEY, being of sound mind and under no compulsion or

threats, or promises not otherwise contained in this document, knowing that I will

be put under oath at my change of plea hearing to tell the truth, do hereby state my

agreement to and understanding of this plea agreement as follows:

A.    I wish to enter a plea of guilty to Count 2 of the Indictment, which

charges me as follows:

> **Count 2:**    Attempted Possession of a Controlled Substance with
>
> Intent to Distribute, in violation of 21 U.S.C.
>
> §§ 841(a)(1) and 841(b)(1)(B).

B.    I understand that by pleading guilty I give up and I agree to waive the

following rights:

--      The right to plead not guilty or to persist in that plea if it has

        already been made;

--      The right to a speedy and public trial by a jury on the issues of

        my guilt;

--      The right to object to the composition of the grand or petit jury;

--      The right to be presumed innocent and not to suffer any

        criminal penalty unless and until my guilt is established

        beyond a reasonable doubt;

--      The right to be represented by a lawyer at trial and if necessary

        to have a lawyer appointed to represent me at trial--I

        understand I am not waiving my right to have counsel continue

        to represent me during the sentencing phase of my case;

--      The right to confront and cross examine witnesses against me,

        and the right to subpoena witnesses to appear in my behalf;

--      The right to remain silent at trial, with such silence not to be

        used against me, and the right to testify in my own behalf;

--      The right to contest the validity of any searches conducted on

        my property or person, or the validity of any seizures involving

        Forfeiture Assets;

C.     I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence.  Knowing this, I voluntarily waive my right to appeal my conviction.  Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court accepts this agreement and imposes a sentence no greater than the statutory maximums available for this offense.  Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel – based on Indictment not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence-- which affected either my guilty plea or the sentence imposed by the court.  I am fully satisfied with the representation given me by my attorney, Ms. MJ Haden. We have discussed all possible defenses to the charges in the Indictment.  My attorney has investigated my case and followed up on any Indictment and issues I have raised with my attorney to my satisfaction and my attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my

offense and any other factor that will affect the sentence calculation in my case.

We have also discussed the sentencing estimates prepared by the government

contained in this agreement and I understand they are not binding on any party.

D.    I further understand that if I plead guilty, there will not be a trial and

that the court will ask me under oath to answer questions about this offense.  I

understand that I may be prosecuted if I make false statements or give false

answers and may suffer other consequences set forth in this agreement.

E.    I understand that I have a right to plead not guilty and that no one can

force me to plead guilty.  If anyone, including my attorney, has done or said

anything other than what is contained in this agreement, I will inform the judge

when I stand before him to enter my plea.

F.    I understand that no one, including my attorney, can guarantee the

outcome of my case or what sentence the court may impose if I plead guilty.  I

understand that the discussions between me and my attorney concerning my

sentence exposure or the actual sentence the court might impose are only estimates

and do not bind the court.  I understand that the court has the ultimate discretion to

determine the sentence to be imposed in my case.  I understand the United States

has not guaranteed me a motion for a substantial assistance departure and the court

is not bound to grant such a motion if the government files one.  Unless

specifically set forth in this agreement, I understand that if the court deviates from the sentencing recommendations made by either the United States or my attorney, I cannot withdraw my guilty plea or from this agreement, and that I am waiving my right to appeal the court's sentencing decision.

G.    I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

H.    This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

I.    I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I enter into this agreement knowingly and voluntarily.

I therefore wish to enter a plea of guilty to Count 2 of the Indictment, which charges me with Attempted Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

DATED: _10/18/06_                              _M. Motley_
                                               YASIDE MOTLEY,
                                               Defendant

As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant' competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: _10/18/06_                              _____
                                               MJ HADEN
                                               Attorney for YASIDE MOTLEY

On behalf of the United States, the following accept YASIDE MOTLEY's offer to plead guilty under the terms of this plea agreement.

DATED: _____10 / 19 / 06_____

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

DATED: _____10/20/06_____

NELSON P. COHEN
United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: nelson.cohen@usdoj.gov