M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>YASIDE J. MOTLEY,<br><br>                Defendant. | Case No. 3:06-cr-0055-RRB<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant, Yaside J. Motley, by and through counsel M. J. Haden, Assistant Federal Defender, hereby submits the following sentencing memorandum to aid the court at the imposition of sentence hearing scheduled for Thursday, January 11, 2007. Mr. Motley respectfully requests that the court accept the recommendation of both the parties and the probation officer and impose a sentence of 120 months.

I.      **Introduction**

Mr. Motley has entered a guilty plea to Count Two of the indictment in this case charging him with Attempted Possession of a Controlled Substance with the Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  His guilty plea was

entered pursuant to a written plea agreement. Although he filed no pretrial motions and entered a timely guilty plea, as part of the agreement between the parties, the government filed a notice of intent to seek enhanced statutory penalties pursuant to 21 U.S.C. § 851 in exchange for the dismissal of the remainder of the counts in the indictment.[1] The estimated guideline range contained in the plea agreement places Mr. Motley at an adjusted offense level of 25 and a criminal history category of II, resulting in a guideline range of 63 to 78 months. Noticeably missing from the estimated guideline calculation is a 2 level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. Mr. Motley contends that estimated guideline range contained in the plea agreement is correct; however, as the result of the § 851 enhancement, the mandatory minimum sentence required is 120 months. Mr. Motley respectfully requests that the court impose the mandatory minimum sentence of 120 months.

## II.     Unresolved PSR Objections

The only unresolved objection to the Presentence Report is the enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. Mr. Motley submits that it is the government's burden to prove any enhancement to a guideline base offense level. Here, the government has no evidence that Mr. Motley possessed any firearms, nor does the government have any evidence to demonstrate that Mr. Motley was ever in the apartment at issue prior to his brief entrance at his time of arrest or knew the occupant of the apartment. Thus, he could not have known that the firearm was present in the

---

[1] Generally the government reserves the filing of an 851 enhancement for those defendants who proceed to trial or seek to litigate aggressively pretrial motions. Mr. Motley did neither.

apartment. When the weapon at issue is possessed by another, the enhancement may only be applied if the possession was reasonably foreseeable to the defendant in connection with jointly undertaken criminal activity. In <u>United states v. Cazares</u>, 121 F.3d 1241, 1245 (9th Cir. 1997), the Ninth Circuit held that where guns were found in an apartment where drugs were stored and others who lived in the apartment were not charged with the drugs, the enchantment would be improper if the government could not "offer facts to support a finding that [the defendant] knew of the guns' existence or was in any way connected with [the guns]."

Under the facts of this case, the government's evidence to fails to connect Mr. Motley to the firearm located in the apartment. The enhancement should not apply.[2]

### III.    Conclusion

The § 851 enhancement greatly increases Mr. Motley's sentencing exposure. It nearly doubles the applicable guideline range, increasing the range from 65 months to 120 months. Under the factors set forth in 18 U.S.C. § 3553, a sentence of 120 months is more than adequate to provide deterrence, protect the public, and promote societal norms. Mr. Motley respectfully requests that the court honor the recommendation of the parties and impose a sentence of 120 months.

---

[2]    Although the enhancement under 2D1.1(b)(1) does not change the fact that Mr. Motley is subject to the 120 month mandatory minium, it will have a bearing on his eligibility to participate and qualify for the BOP 500 hour drug and alcohol program.

DATED this 5th day of January, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on January 5, 2007, a copy of the foregoing document, with attachments, was served electronically on:

David A. Nesbett, Esq.

/s/ M. J. Haden